O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA GONZALEZ; S.V., a minor by and through her Guardian Ad Litem, ALEXIES B. PRICE,<br><br>    Plaintiffs,<br><br> v.<br><br>COUNTY OF LOS ANGELES; COUNTY OF LOS ANGELES DEPARTMENT OF FAMILY AND CHILDREN SERVICES; YASSAMAN FAGHANI, as an employee of the COUNTY OF LOS ANGELES; OCTAVIA JOHNSON, as an employee of the COUNTY OF LOS ANGELES; PAYAM TONY KADE, as an employee of the COUNTY OF LOS ANGELES; KATHLEEN ANDREW, as an employee of the COUNTY OF LOS ANGELES; GINA MORENO, as an employee of the COUNTY OF LOS ANGELES; JOY YOUNG, as an employee of the COUNTY OF LOS ANGELES; LAURA CUTLER; as an employee of the COUNTY OF LOS ANGELES,<br><br>    Defendants. | Case No. CV 08-02177 DDP (RZx)<br><br>**ORDER DISMISSING CASE AND REQUESTING AMENDED COMPLAINT**<br><br>[Motion filed on May 16, 2008] |

This matter comes before the Court on Defendants' motion to dismiss. The Court finds that Plaintiffs' complaint and briefing are confusing and overly complicated. Therefore, in the interest of judicial economy, the Court dismisses the complaint and orders that Plaintiff file an amended complaint in accordance with the following order.

**I.    BACKGROUND**

This case involves the involuntary removal of minor S.V., by Defendants, from her mother Cassandra Gonzalez, for one day in April, 2007. Plaintiffs' complaint is somewhat hard to follow. As far as the Court can discern, Plaintiffs allege, essentially, that social worker Defendants began to investigate Plaintiffs' home because of a restraining order obtained by Cassandra against John Valdez, S.V.'s father, for his erratic behavior. Defendant Faghani came to the house and engaged in a verbal altercation with John Valdez, in front of Cassandra and S.V. Defendant Faghani used inappropriate and foul language. Cassandra complained about Faghani's behavior to the Department of Social Services, and, in retaliation for this complaint, Defendants filed a Juvenile Court petition containing information they knew to be false, and used this petition to remove S.V. from her home for one day.

Plaintiffs bring ten causes of action for state torts, injunctive relief, and violations of state and federal civil rights law. Defendants now move to dismiss.

///

///

**II.  Instructions for Amended Complaint**

Plaintiffs complaint is confusing and difficult to follow. Rather than wade through, piece by piece determining what may stand and what must be dismissed, the Court orders Plaintiffs to file an amended complaint as follows:

**A.  Immunity from State Law Claims**

Defendants argue that Plaintiffs' state law claims for assault, battery, false imprisonment, and a violation of state civil rights must be dismissed because social workers are absolutely immune from the conduct alleged in the complaint. Because Plaintiffs have alleged fraud, this immunity may not apply. However, in there underlying complaint, Plaintiffs need to allege the underlying fraud with greater specificity.

In general, social workers in California are immune for discretionary acts undertaken while they are investigating potential child endangerment and making "preliminary determinations regarding whether [public social] services, including removal, were in fact necessary."[1] Jacqueline T. v. Alameda County Child Protective Servs., 155 Cal. App. 4th 456, 468 (Cal. Ct. App. 2007); see Cal. Gov. Code § 820.2 ("Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result

---

[1] To the extent Plaintiffs attempt to argue that social workers are immune when they negligently fail to remove a child but not immune when they negligently remove a child, the Court finds that such a distinction is without merit. In fact, California courts have explicitly held to the contrary:  "Therefore, social workers must be absolutely immune from suits alleging the improper investigation of child abuse, <u>removal of a minor from the parental home based upon suspicion of abuse and the instigation of dependency proceedings</u>." Jacqueline T., 155 Cal. App. 4th at 467 (internal quotation marks omitted) (emphasis added).

3

of the exercise of the discretion vested in him, whether or not such discretion be abused.") However, this immunity does not apply in cases where the public employee's conduct involved perjury, fabrication of evidence, failure to disclose known exculpatory evidence, or obtaining testimony by duress or undue influence.[2] See Cal. Gov. Code § 820.21.  Plaintiffs have alleged that Defendants' conduct falls into these exceptions.

To trigger the immunity exceptions, Plaintiffs need to plead the relevant conduct properly.  While in general, a complaint need only conform to lenient notice pleading requirements, Federal Rule of Civil Procedure 9(b) requires that when alleging fraud, plaintiffs must "state with particularity the circumstances constituting fraud or mistake."  Fabrication of evidence, perjury, and failure to disclose known exculpatory evidence all come within California's definition of fraud, as relevant here: "The suggestion, as a fact, of that which is not true, by one who does not believe it to be true"; "The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true"; or "The suppression of that which is true, by one having knowledge or belief of that fact."  Cal. Civ. Code § 1572.

Some of Plaintiffs' allegations are sufficiently specific. For example, Plaintiffs allege that Defendants filed a Juvenile

---

[2] The County's liability stands or falls with that of the individual defendants.  See Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.")

4

Petition regarding S.V. containing information that they knew to be untrue; specifically, that S.V. had been neglected, that Cassandra was unable to protect or care for her S.V., that S.V. was in imminent danger of serious bodily injury.  Defendants contend that even if they drew the wrong conclusions from the facts, that does not rise to the level of perjury or fraud.  However, Plaintiffs need not prove their allegations at this stage in the litigation; they need only allege them with particularity.  Here, Plaintiffs have alleged that Defendants intentionally made false statements in the juvenile petition.  These allegations are sufficiently specific under Rule 9(b)'s heightened pleading requirements, and, if true, could lead to the liability of some of the Defendants.

However, other allegations are not sufficiently specific.  For example, Plaintiffs allege that Defendant social workers made "false statements about the Gonzalez home and conditions therein," but they fail to detail what exactly these false statements were. Similarly, Plaintiffs allege that Defendants fabricated evidence and failed to disclose known exculpatory evidence, but do not provide any details about this alleged fraudulent conduct. Finally, Plaintiffs allege, in a conclusory fashion, that Defendants obtained testimony by duress or undue influence; however, they fail to allege that they in fact obtained any testimony from anyone, so they have not explained which testimony could have been obtained through these coercive methods.

Accordingly, in their amended complaint, Plaintiffs must state with particularity all the facts that underlie Defendants' allegedly fraudulent conduct, including who made the statements,

what evidence was withheld, and what conditions at the Gonzalez home were misrepresented.

### B. State Civil Rights Claims

#### 1. Mandatory Duty

In their amended complaint, Plaintiffs need to clarify whether they are suing the County in its vicarious liability for the actions of its employees (in which case it is liable to the extent the employees are liable) or whether they mean to sue the County directly. If they mean to sue the County directly, they may not rely on California Civil Code sections 43, 51.7, 52, or 52.1 as causes of action impose the requisite mandatory duties.

Under California Government Code section 815.6,

> [w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

In order for a statute to impose a mandatory duty, "it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken." Haggis v. City of Los Angeles, 22 Cal. 4th 490, 498 (Cal. 2000). Based on their plain language, it is clear that sections 43,[3] 51.7,[4] 52,[5] and 52.1[6] do not require

---

[3] "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." Cal. Civ. Code § 43.

[4] "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have
(continued...)

that a particular action be taken or not taken. Accordingly, in their amended complaint Plaintiffs may not sue the County for direct liability under these statutes.[7]

### 2. Violence or Threats of Violence

California Civil Code section 51.7 (through section 52 as a cause of action) protects individuals from violence or threats of violence.  Plaintiffs' Eighth Cause of Action relies on these statutes, but fails to make clear what violence or threats of violence Plaintiffs suffered.  Furthermore, the violence or threats of violence must be on the basis of a protected classification such as sex, color, race, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation.  See Cal. Civ. Code §§ 51, 51.7.  Plaintiffs may be attempting to claim racial discrimination, but the complaint is not clear.  In the amended complaint, Plaintiffs must clarify the basis for their section 51.7 claim.

### 3. Interference with Rights

To prevail on a claim under California Civil Code section 52.1, Plaintiffs must show that Defendants "interfere[d or

---

[4](...continued)
one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive."  Cal. Civ. Code § 51.7(a).

[5] California Civil Code section 52 provides a right of action to remedy violations of, inter alia, section 51.7.

[6] California Civil Code section 52.1 provides a right of action for interference with statutory or constitutional rights.

[7] The Court notes that (immunity questions aside) Plaintiffs may rely on these sections to sue the individual defendants, and the County for vicarious liability.

7

attempted to interfere] by threats, intimidation, or coercion" with Plaintiffs' statutory or constitutional rights. Plaintiffs' complaint identifies California Government Code section 820.21 as the basis for this claim, but section 820.21 simply provides an exception to social workers' immunity; it does not itself set forth a right that Defendants might have violated. In the amended complaint, Plaintiffs must clarify what right they allege has been interfered with, and the actions that constitute Defendants' interference or coercion.

**C. Injunctive Relief**

Plaintiffs properly request injunctive relief in light of their allegations of an unconstitutional policy or practice.

**D.   Monell Claim**

Plaintiffs charge the County with a violation of 42 U.S.C. § 1983 for operating an unconstitutional policy or practice. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). The Court agrees with Plaintiffs that its allegations of a policy are sufficient because at this stage the claim need be "based on nothing more than a bare allegation that the individual . . . conduct conformed to official policy, custom, or practice." Shah v. County of Los Angeles, 797 F.2d 743, 747 (9th Cir. 1986). However, the complaint is not clear as to the manner in which the alleged policies violate the Federal Constitution, though Plaintiffs appear to be basing their Monell claim on the Fourth Amendment. In the amended complaint, Plaintiffs must describe, in a more organized and precise fashion, how exactly the claimed policies or practices allegedly violate the Federal Constitution.

1  Plaintiffs must also bear in mind the fact that in general, a
2  violation of state law will not violate the Federal Constitution.
3
4  **III. CONCLUSION**
5      The instant complaint is hereby DISMISSED without prejudice
6  because it is confusing and unnecessarily complicated.  Plaintiffs
7  are ordered to submit an amended complaint conforming to this order
8  on or before September 1, 2008.  If Plaintiffs fail to comply with
9  this order, the complaint may be dismissed with prejudice.
10
11
12 IT IS SO ORDERED.
13
14
15 Dated: July 28, 2008                    _____
16                                         DEAN D. PREGERSON
                                           United States District Judge

9